(May 21, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR APONTE, Appellant. [642 NYS2d 873] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered March 24, 1991, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of $2^1/2$ to 5 years, unanimously modified, on the law, the facts, and as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 2 to 4 years, and otherwise affirmed.

Evidence adduced at the hearing directed by this Court in a prior appeal from the judgment (193 AD2d 529) was that police officers on routine patrol, responding to a commotion in a park, saw defendant, whom they described, display a gun and directed him to stop, whereupon defendant threw the gun to the ground and fled, but was immediately apprehended. As the hearing court held, the display of the gun provided probable cause to arrest, regardless of the recovery of the gun itself, and the testimony of one of defendant's witnesses that another person was seen with a gun, which was marked by inconsistencies between the description of the putative other gun and the gun possessed by defendant, hardly excluded the possibility that defendant had a gun. Nor is there any basis to disturb the hearing court's conclusion that another of defendant's witnesses, who claimed that defendant was grabbed indiscriminately by police during a roundup of the park's occupants, was incredible. We modify the sentence so as to impose the minimum term of 2 to 4 years, the sentencing court having explicitly indicated that such was its intention but inexplicably failed to do so. We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Rosenberger and Ross, JJ.